# FOR PUBLICATION



FILED
Aug 15 2013, 5:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DANNY STEPHENS,                    )
                                   )
    Appellant-Defendant,           )
                                   )
        vs.                    )     No. 49A04-1301-CR-18
                                   )
STATE OF INDIANA,                  )
                                   )
    Appellee-Plaintiff.            )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Shannon L. Logsdon, Master Commissioner
Cause No. 49F07-1210-CM-69343

**August 15, 2013**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Danny Stephens got drunk at home, was assaulted by his niece's boyfriend, and left the house when the police failed to arrest the boyfriend. He went to a public place and called the police, admitting that he was drunk and requesting that they take him to jail so that he would not have to return home. The State charged him with class B misdemeanor public intoxication, and a trial court convicted him as charged.

Stephens now appeals, challenging the sufficiency of evidence to support his conviction. Finding the evidence insufficient to establish that Stephens endangered either his life or another person's life, breached the peace or was in imminent danger of breaching the peace, or harassed, annoyed, or alarmed another person, we reverse.

**Facts and Procedural History**

In October 2012, Stephens lived with his niece, who had guardianship over him due to a brain injury he had suffered seven years earlier. On October 6, 2012, police were dispatched to their residence to investigate an altercation between Stephens's niece and her boyfriend, during which the boyfriend body-slammed Stephens. Police made no arrests and left the home. Shortly thereafter, Stephens, who had been drinking alcohol, walked to a nearby convenience store and called the police. Minutes later, Indianapolis Metropolitan Police Officer Freddie Haddad arrived in the store parking lot, and Stephens waved and approached his police vehicle. Officer Haddad noticed that Stephens smelled of alcohol and had bloodshot eyes, slurred speech, and an unsteady gait. Stephens told Officer Haddad that he was very drunk and had been drinking all night. He requested that the officer take him to

jail, explaining that he did not want to return home because of an altercation with his niece's boyfriend just minutes earlier. He reported to Officer Haddad that the police had responded to the altercation but had made no arrests. Stephens told the officer that he would prefer to go to jail because, if he went home, "another fight would ensue and police would just get called back there." Tr. at 9. Officer Haddad placed him under arrest and took him to jail.

The State charged Stephens with class B misdemeanor public intoxication. Following a bench trial, the trial court found him guilty as charged. This appeal ensued.

**Discussion and Decision**

Stephens challenges the sufficiency of evidence to support his conviction. To convict Stephens, the State bore the burden of proving each element of the charged offense beyond a reasonable doubt. *Moore v. State*, 673 N.E.2d 776, 779 (Ind. Ct. App. 1996), *trans. denied* (1997). When reviewing insufficiency of evidence claims, we neither reweigh evidence nor judge witness credibility. *Mathews v. State*, 978 N.E.2d 438, 443 (Ind. Ct. App. 2012), *trans. denied* (2013). Instead, we examine the evidence and reasonable inferences most favorable to the judgment. *Id.* If there is evidence of probative value from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt, we will affirm. *Id.*

Here, the State did not file an appellee's brief. Thus, we apply a less stringent standard of review and will reverse if Stephens establishes prima facie error, which is "error at first sight, on first appearance, or on the face of it." *Castillo-Aguilar v. State*, 962 N.E.2d 667, 669 (Ind. Ct. App. 2012), *trans. denied*. The prima facie error standard relieves us of the burden of controverting Stephens's arguments, but it does not relieve us of our obligation

3

to properly decide the law as applied to the facts of the case. *Id*.

Stephens was convicted of class B misdemeanor public intoxication, which is defined in pertinent part as follows:

> … it is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance (as defined in IC 35-48-1-9), if the person:
>
> (1) endangers the person's life;
>
> (2) endangers the life of another person;
>
> (3) breaches the peace or is in imminent danger of breaching the peace; or
>
> (4) harasses, annoys, or alarms another person.

Ind. Code § 7.1-5-1-3(a).

Stephens first asserts that the evidence is insufficient to establish that he was intoxicated. "'Intoxicated' means under the influence of … alcohol … so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86. The State may establish impairment by presenting evidence of: "(1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech." *Williams v. State*, 989 N.E.2d 366, 369 (Ind. Ct. App. 2013) (citation omitted). Here, Officer Haddad testified that he smelled alcohol on Stephens's breath and body and that Stephens had bloodshot eyes, slurred speech, and an unsteady gait. He also testified that Stephens told him that he had been drinking all night and was "very drunk." Tr. at 8-9. Thus, the evidence most favorable

4

to the judgment is sufficient to support a finding that Stephens was intoxicated. Stephens's arguments to the contrary amount to an invitation to reweigh evidence and judge witness credibility, which we may not do.

Stephens also challenges the sufficiency of evidence to support a finding that he either endangered himself or others, breached or was in imminent danger of breaching the peace, or harassed, annoyed, or alarmed another person. Notably, the General Assembly added these elements to the public intoxication statute in 2012, making it no longer a crime simply to be intoxicated in public. The addition of these elements promotes public policy encouraging inebriated persons to avoid creating dangerous situations by walking, catching a cab, or riding home with a designated driver rather than driving while intoxicated. Because the amendment became effective in July 2012, we have little precedent concerning the new language.

In *Williams*, another panel of this Court affirmed the defendant's conviction under the amended version of the statute, where the defendant showed signs of extreme intoxication and belligerently refused police officers' orders to move out of the street after his friend was struck by a vehicle, requiring officers to forcibly escort him to the sidewalk. 989 N.E.2d at 370-71. The *Williams* court found this evidence sufficient to show that while intoxicated in public, the defendant "endangered himself or others, breached the peace, or harassed, annoyed, or alarmed another person." *Id*. at 371.

In contrast, here, Stephens was initially in a private place where he had every right to be intoxicated. When police made no arrests after he was assaulted in his home by his

5

niece's boyfriend, Stephens sought to extricate himself from the situation by walking to a public place, calling the police, stating that he was drunk, and requesting that he be taken to jail rather than returning to the dangerous situation at home. Simply put, he was asking the police for help. The mere fact that he was intoxicated in a public parking lot did not amount to a violation of the public intoxication statute. He did not breach the peace, and to the extent the trial court reasoned that he was in "imminent danger of breaching the peace" if he returned home, we find such a conclusion to be speculative. The danger, if any, was that he would be the victim of another assault, not the perpetrator.

In sum, Stephens has made a prima facie showing that the State failed to prove beyond a reasonable doubt that he endangered either himself or others, breached or was in imminent danger of breaching the peace, or harassed, annoyed, or alarmed another person. As such, the evidence is insufficient to support his conviction for public intoxication. Accordingly, we reverse.

Reversed.

BARNES, J., and PYLE, J., concur.