# FOR PUBLICATION



**FILED**
Jul 17 2014, 6:21 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**RUTH JOHNSON**
**BARBARA J. SIMMONS**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CLYDE DAVIS,                                     )
                                                 )
    Appellant-Defendant,                        )
                                                 )
      vs.                                      )    No. 49A02-1311-CR-938
                                                 )
STATE OF INDIANA,                                )
                                                 )
    Appellee-Plaintiff.                         )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
The Honorable Christina Klineman, Commissioner
Cause No. 49F10-1308-CM-50927

**July 17, 2014**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

Clyde Davis appeals from his conviction for Class B misdemeanor public intoxication.[1] On appeal, Davis contends that the State failed to provide sufficient evidence of endangerment.[2]

We reverse.

## FACTS AND PROCEDURAL HISTORY

On August 3, 2013, Davis was at Toni Richard's apartment drinking alcohol with Richard's boyfriend. That evening, Officer Michael Wagner-Gilbert of the Indianapolis Metropolitan Police Department responded to a call of a disturbance at Richard's apartment. Davis and Richard's boyfriend had been fighting. Officer Wagner-Gilbert instructed Davis to leave Richard's home and not to return or else he would be arrested for criminal trespass. Davis informed Officer Wagner-Gilbert that he would walk home, even though his home was some distance away. Officer Wagner-Gilbert noted that Davis had been drinking but concluded that Davis was capable of walking home safely. Officer Wagner-Gilbert left Richard's home without making any arrests.

Davis never left Richard's apartment. Early in the morning of August 4, 2013, Officer Wagner-Gilbert responded to a second call of a disturbance at Richard's apartment. When the officer approached in his patrol car, he observed Davis standing outside in a grassy common area of the apartment complex. As Davis walked into the street where the patrol car was parked, Officer Wagner-Davis saw that Davis walked with difficulty,

---

[1] *See* Ind. Code § 35-7.1-5-1-3.

[2] Davis also argues that the State failed to prove that he was in a public place. Because of our disposition in this matter, we do not reach that issue.

stumbling and tripping over his own feet. Officer Wagner-Davis and his partner held Davis up and leaned him against the patrol car. Davis's eyes were bloodshot, he smelled heavily of alcohol, and he slurred his speech. Officer Wagner-Gilbert had encountered many intoxicated people during his eleven and one-half years on the job. He concluded that Davis was "extremely intoxicated." *Tr.* at 10. The two-lane roads outside the apartment complex were busy even at that time of the morning, there were no sidewalks or shoulders abutting the roads, and the lighting on the roads was poor. Officer Wagner-Gilbert feared that if he allowed Davis to walk away, Davis would be struck by a car. Officer Wagner-Gilbert arrested Davis.

The State charged Davis with public intoxication as a Class B misdemeanor. The trial court found Davis guilty and sentenced him to 180 days, with 178 days suspended and credit for time served. Davis now appeals.

## DISCUSSION AND DECISION

Davis argues that the State failed to prove that he endangered the lives of himself or others for purposes of the public intoxication statute.[3] Our standard of reviewing claims of sufficiency of the evidence is well settled. When reviewing the sufficiency of the evidence, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or assess witness credibility. *Id.* We consider conflicting evidence most favorable to the trial court's ruling. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the

---

[3] The State's charging information tracked the language of the entire statute section. *Appellant's App.* at 15. However, at trial, the State argued the endangerment portions of the statute. *Tr.* at 38-39.

elements of the crime proven beyond a reasonable doubt. *Id*. It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id*. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id*. A conviction may be based upon circumstantial evidence alone. *Bockler v. State*, 908 N.E.2d 342, 346 (Ind. Ct. App. 2009).

Under the former version of the public intoxication statute, to obtain a conviction the State was required to prove only that the defendant was in a public place in a state of intoxication. *Sesay v. State*, 5 N.E.3d 478, 481 (Ind. Ct. App. 2014) (citing *Christian v. State*, 897 N.E.2d 503, 504 (Ind. Ct. App. 2008), *trans. denied*) *trans. denied*. However, the new version of the public intoxication statute in effect at the time of the events relevant here provides that:

> [I]t is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol…, if the person:
> (1) endangers the person's life;
> (2) endangers the life of another person;
> (3) breaches the peace or is in imminent danger of breaching the peace; or
> (4) harasses, annoys, or alarms another person.

Ind. Code § 7.1-5-1-3(a). The purpose of the amendment is to further the public policy of "encouraging inebriated persons to avoid creating dangerous situations by walking, catching a cab, or riding home with a designated driver rather than driving while intoxicated." *Sesay*, 5 N.E.3d at 481 (citing *Stephens v. State*, 992 N.E.2d 935, 938 (Ind. Ct. App. 2013), *trans. denied*.)

In this case, the State contended that Davis's intoxication endangered his life or that of another. *Tr.* 38-39. The public intoxication statute does not define the terms "endangers

4

the person's life" or "endangers the life of another person." I.C. § 7.1-5-1-3(a). The first case to address what constitutes endangerment under the revised statute, *Williams v. State*, 989 N.E.2d 366 (Ind. Ct. App. 2013), found sufficient evidence of endangerment where, at the site of an accident, Williams refused to move out of the street despite police orders and had to be moved by officers so that they would not be struck by traffic. *Id*. at 370-71. Subsequently, we found insufficient evidence of endangerment, breach of the peace, or harassment where an intoxicated defendant who wished to avoid an altercation at his home walked to a convenience store to telephone the police, asking to be taken to jail. *Stephens*, 992 N.E.2d at 938. We found that Stephens was not guilty of public intoxication for simply asking for help from police. *Id*. Likewise, in *Sesay* we reversed the conviction, finding that no actual endangerment existed where Sesay, although intoxicated, was simply standing by a roadside at the site of a car accident. *Sesay*, 5 N.E.3d at 485. Noting that the statute uses the present tense "endangers" and not the conditional tense "might endanger," we reasoned that "speculation regarding things that *could* happen in the future is not sufficient to prove the present crime of public intoxication." *Id*. at 485-86 (emphasis in the original). Recently, our Supreme Court found that the evidence permitted a reasonable inference that the defendant had endangered the lives of himself and others by driving on a public road while intoxicated. *See Thang v. State*, __ N.E.3d __, 2014 WL 2922387 * 4 (Ind. June 27, 2014).

The common thread in these cases is past or present conduct by the defendant did or did not place life in danger. While the statute does not require that actual harm or injury occur, some action by the defendant constituting endangerment of the life of the defendant

5

or another person must be shown. This is true even where an officer testifies that the defendant was a danger to himself or others. *See*, *e.g.*, *Sesay*, 5 N.E.3d at 479. Were it otherwise, citizens could be convicted for possible, future conduct. The policy behind the current public intoxication statute is to encourage intoxicated persons to avoid danger by walking or catching a ride rather than driving. *Stephens*, 992 N.E.2d at 938. Although we acknowledge that intoxicated persons may also create danger by walking in public places, that danger must have manifested itself in order for the State to obtain a conviction.

In the instant case there was no such past or present conduct by Davis that amounted to endangerment of his or another's life. Davis was highly intoxicated when the police encountered him the second time, but he merely walked to the police car and spoke to the officers. Although he tripped and stumbled as he walked to meet the police, he cannot be said to have endangered his life as required by the statute. There was no evidence that he wandered around outside by himself before the police arrived. Although the roads outside the apartment complex were busy, poorly lit, and pedestrian unfriendly, the road where the officers parked was within the apartment complex. Contrary to the State's argument on appeal that Davis endangered himself by walking "near the road," there was no evidence presented at trial that the road within the apartment complex posed a danger to Davis. *Appellee's Br*. at 4, 6.

In addition, Davis never left the apartment complex between the two police runs. Although Richard testified that Davis was in the process of leaving when the police arrived the second time, Davis made it no farther than the grassy common area of the apartment complex. There was no evidence that Davis went anywhere near the busy, dangerous roads

6

outside the apartment complex. Although the State argues that Davis was in danger of being struck by a car if he left the apartment complex, the argument is merely speculative, not proof beyond a reasonable doubt. *Appellee's Br*. 4, 9. The State may not convict Davis for what would or could have happened.

Reversed.

BAILEY, J., and MAY, J., concur.