**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTONIO MANUEL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1402-CR-73 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda Brown, Judge
Cause No. 49F10-1307-CM-43792

**October 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

<u>Case Summary and Issue</u>

Antonio Manuel appeals his conviction of public intoxication as a Class B misdemeanor. Manuel raises one issue for our review: whether sufficient evidence was presented to prove beyond a reasonable doubt that Manuel was guilty of public intoxication. Concluding that sufficient evidence was presented, we affirm.

<u>Facts and Procedural History</u>

On July 4, 2013, Manuel and his wife, Sonja, were driving to a family barbeque. Because Manuel was tired from working a fourteen hour shift, Sonja drove the vehicle. While traveling, Manuel and Sonja began arguing because Manuel wished to go home and sleep for a few hours rather than go directly from work to the barbeque. At one point during this argument, Sonja stopped the vehicle in the middle of the road. Manuel took the keys to the vehicle, exited the vehicle, and began walking down the road, thereby leaving the vehicle in the middle of the road. Sonja then exited the vehicle and chased after Manuel in an attempt to regain possession of the keys.

Officers Robert Rider and Michael Darst of the Indianapolis Metropolitan Police Department responded to a disturbance call. Upon approaching the area of the reported disturbance, Officer Rider observed Manuel and Sonja standing in the middle of the street arguing. In order to ascertain what was going on, Officer Rider exited his vehicle and approached Manuel and Sonja.

Initially, Officer Rider spoke with Manuel. Officer Rider observed that Manuel exhibited unsteady balance, glassy and blood shot eyes, slurred speech, and an odor of alcohol. In an attempt to amicably resolve this dispute and separate Manuel and Sonja,

Officer Rider offered Manuel five options: (1) having the car towed; (2) walking to a nearby relative; (3) receiving a ride from Officer Rider; (4) going to jail; or (5) turn the keys over to Sonja and walk wherever he wanted. Manuel demonstratively rejected Officer Rider's proposed options.

In the meantime, Officer Darst located the vehicle Manuel and Sonja left in the middle of the road. Arriving back at the vehicle, Officer Rider again pleaded with Manuel to turn over the keys to Sonja; otherwise, the vehicle would need to be towed. At that point, Manuel's friend showed up offering Manuel a ride. Manuel declined that offer and continued to argue with Sonja. After approximately ten to fifteen minutes, Officer Rider arrested Manuel.

The State charged Manuel with public intoxication as a Class B misdemeanor. A bench trial was held, and the trial court concluded the State proved beyond a reasonable doubt that Manuel was guilty of public intoxication. Manuel now appeals his conviction.

Discussion and Decision

Manuel argues that his conviction for public intoxication should be reversed because there was insufficient evidence to support his conviction. We disagree.

I. Standard of Review

When reviewing a claim of insufficient evidence, this court does not "reweigh the evidence or judge the credibility of witnesses." Mathews v. State, 978 N.E.2d 438, 443 (Ind. Ct. App. 2012), trans. denied. "Rather, we look to the evidence and the reasonable inferences therefrom that support the verdict." Id. Accordingly, a conviction will be

affirmed "if there exists evidence of probative value from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." Id.

## II. Public Intoxication

Manuel was convicted of public intoxication as a Class B misdemeanor. Public intoxication, in relevant part, is defined as follows:

> [I]t is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol . . . if the person:
> (1) endangers the person's life;
> (2) endangers the life of another person;
> (3) breaches the peace or is in imminent danger of breaching the peace; or
> (4) harasses, annoys, or alarms another person.

Ind. Code § 7.1-5-1-3(a).

On appeal, Manuel argues there was insufficient evidence to prove he was intoxicated and "endangered his life or the life of another person, breached the peace and/or harassed, annoyed or alarmed another person."[1] Appellant's Brief at 8.

## A. Intoxication

Manuel argues that the evidence is insufficient to establish the element of intoxication. Pursuant to the Indiana Appellate Rules, a contention must be supported by cogent reasoning and citation to legal authority and the Appendix or parts of the record. Ind. Appellate Rule 46(A)(8)(a). Outside of asserting that "he does not concede that he was intoxicated," Appellant's Br. at 8, Manuel articulates no cogent reasoning, legal authority, or citations to the record in support of his contention. Therefore, any argument

---

[1] Manuel concedes that he was in a public place. Appellant's Br. at 7-8.

4

that there was insufficient evidence to prove beyond a reasonable doubt the element of intoxication is waived. See Barrett v. State, 837 N.E.2d 1022, 1030 (Ind. Ct. App. 2005) (noting that failure to set forth a cogent argument waives the issue on appeal), trans. denied.

### B. The Four Conduct Elements

Manuel also argues there is insufficient evidence to establish that he endangered his or another person's life, breached or was in imminent danger of breaching the peace, or harassed, annoyed, or alarmed another person. Notably, these conduct elements were added to the public intoxication statute in 2012 so that it was no longer a crime to simply be intoxicated in public. See Stephens v. State, 992 N.E.2d 935, 938 (Ind. Ct. App. 2013). While Manuel lumps all four conduct elements into a single assertion, it is important to note that because the statute is written in the disjunctive "or," each conduct element is independent and, therefore, capable of supporting a conviction for public intoxication. See Holbert v. State, 996 N.E.2d 396, 402 (Ind. Ct. App. 2013) ("[I]t is a Class B misdemeanor to be in a public place . . . in a state of intoxication . . . if the person is engaging in one of the four listed criteria.") (quotation omitted), trans. denied. Furthermore, the State charged Manuel with violating any or all of the conduct elements. Appellant's Appendix at 16. Accordingly, Manuel's conviction for public intoxication will be affirmed based on evidence of probative value regarding any one of the four conduct elements. Because we conclude there was sufficient evidence that Manuel endangered the life of another, we need not address the other three conduct elements.

5

A conviction for public intoxication will be affirmed if there is sufficient evidence of probative value showing that a defendant endangers the life of another person while intoxicated in a public place. See Ind. Code § 7.1-5-1-3(a)(2). The public intoxication statute does not define "endangerment," but several cases have addressed the issue.

In Williams v. State, the defendant and friends were leaving a downtown Indianapolis bar when one of the friends' mother was struck by a vehicle. 989 N.E.2d 366, 367 (Ind. Ct. App. 2013). A large group of people, including the defendant, began congregating in the street near the accident. Shortly after, police arrived and attempted to clear the street. The defendant refused to voluntarily remove himself from the street and, subsequently, was physically removed from the street by police for his safety. Moreover, the defendant was belligerent with police and jerked his arm away from one officer while also shoving another officer's hand away from himself. This court held there was sufficient evidence that the defendant "endangered himself or other persons, breached the peace, or harassed, annoyed, or alarmed another person." Id. at 371.

Additionally, in Thang v. State, "the undisputed evidence established the sudden presence of the defendant and his vehicle at a gas station, his intoxication, his possession of the car keys, and the absence of any other person, thus necessitating removal of the car by towing." 10 N.E.3d 1256, 1260 (Ind. 2014). Our supreme court held "it is a reasonable inference that the defendant had arrived at the gas station by driving his automobile on the public streets while intoxicated, thereby endangering his or another person's life." Id.

Conversely, in Sesay v. State, this court found insufficient evidence of actual endangerment where the defendant was standing several feet off a road in an intoxicated state. 5 N.E.3d 478, 485-86 (Ind. Ct. App. 2014), trans. denied. We reasoned that the State failed to establish any conduct on the part of the defendant which made it likely that the defendant was endangered. Id. at 485. Furthermore, no danger had yet manifested itself as the defendant was merely standing on the side of a road. Id. at 486. We noted that the defendant's act must cause actual danger because "speculation regarding things that could happen in the future is not sufficient" where the statute uses the present tense "endangers." Id. at 485-86 (emphasis in original).

Likewise, in Davis v. State, this court also held that there was insufficient evidence of endangerment where the defendant, while intoxicated, walked out onto a road in an apartment complex to speak with police officers. 13 N.E.3d 500, 503-04 (Ind. Ct. App. 2014). This court reasoned there was no past or present dangerous act by the defendant when there was no evidence that the defendant went near the dangerous roads outside the apartment complex, and any argument that the defendant would endanger his life if he left would be speculative. Id. at 504.

What can be gleaned from the aforementioned cases is that "endangerment," under the public intoxication statute, requires an affirmative act by the defendant that manifests an actual danger, regardless of whether the actual danger causes actual harm or injury. See Davis, 13 N.E.3d at 503 ("The common thread in these cases is past or present conduct by the defendant did or did not place life in danger. While the statute does not require that actual harm or injury occur, some action by the defendant constituting

7

endangerment of the life of the defendant or another person must be shown."). Put another way, the defendant's act must create an actual present danger, as opposed to some theoretical or hypothetical danger which may later manifest itself.

The case at hand is analogous to Williams and Thang. In those cases, the defendants' acts manifested an actual danger to themselves or others. In Williams, the defendant refused to remove himself from a busy street, creating the danger that he would be hit by a moving vehicle. 989 N.E.2d at 370-71. In Thang, based upon circumstantial evidence, one could infer the defendant drove to a gas station in a state of intoxication, thereby manifesting a danger to himself or another person. 10 N.E.3d at 1260. Here, while traveling to a barbeque, Sonja stopped the vehicle in the middle of the road. Manuel then took the vehicle's keys, exited the vehicle, and began walking away from the vehicle. As a result of Manuel's act, the vehicle was left in the middle of the road, leaving Sonja, or anybody else, with no ability to move the vehicle into an appropriately safe parking spot. Leaving a vehicle in the middle of the road creates an actual danger to all travelers in other vehicles. For the safety of all other persons traveling, drivers should not needlessly create roadway hazards by stopping, parking, or leaving their vehicles in the middle of a road. See N. Ind. Transit, Inc. v. Burk, 228 Ind. 162, 169, 89 N.E.2d 905, 908 (1950) (discussing how the purpose of a statute requiring vehicles to stop or park parallel with and within twelve inches of the right-hand curb is for the safety of other moving vehicles); Town of Remington v. Hesler, 111 Ind. App. 404, 409, 41 N.E.2d 657, 659 (1942) (statute requiring "vehicles be parked at the right-hand curb[] was designed to protect travelers in other vehicles"). See also Ind. Code § 9-21-16-7(a) (current statute

8

requiring vehicles to stop or park parallel with and within twelve inches of the right-hand curb).

Moreover, Sesay and Davis are distinguishable. In Sesay, the defendant, while intoxicated, stood peacefully on the side of the road. 5 N.E.3d at 479. This court could not conclude that standing on the side of the road was an act which manifested actual danger. Id. at 485-86. In a similar vein, in Davis, this court held that the defendant's act of walking onto a road in an apartment complex did not manifest actual danger. 13 N.E.3d at 503-04. In contrast, Manuel's act of taking the vehicle's keys, thereby leaving the vehicle in the middle of the road, manifested an actual danger to all other travelers.

In sum, Manuel concedes he was in a public place and has waived any argument that he was not intoxicated. Furthermore, with all that is considered, sufficient evidence was offered to prove that Manuel's conduct endangered another's life. Consequently, the State has presented substantial evidence of probative value to support the conclusion that Manuel was guilty of public intoxication.

## Conclusion

Sufficient evidence of probative value was presented to sustain Manuel's conviction for public intoxication. Therefore, we affirm Manuel's conviction.

Affirmed.

BAKER, J., and KIRSCH, J., concur.

9