## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 16 2015, 8:53 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Eric Williams,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff,*

July 16, 2015

Court of Appeals Case No.
49A02-1410-CR-761

Appeal from the Marion Superior Court
The Honorable Amy Jones, Judge
Case No. 49G08-1407-CM-36720

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, Eric Williams was convicted of public intoxication, a Class B misdemeanor, and sentenced to 178 days of probation. Williams

appeals his conviction, raising one issue for our review: whether the State provided sufficient evidence of endangerment to support his conviction. Concluding there was sufficient evidence that Williams was endangering his own life, we affirm.

## Facts and Procedural History

[2] Williams suffered a traumatic brain injury at some point he cannot recall due to the injury. The injury causes Williams to have slurred speech and an unsteady gait and limits movement in his right arm. Falling down is a "normal part of [his] life" following the injury. Transcript at 22.

[3] In the afternoon of July 24, 2014, Indianapolis Metropolitan Police Department Officer Ernest Goss responded to a dispatch about a possibly intoxicated person urinating in the 2800 block of LaSalle Street. Officer Goss described that area of town as "a pretty high crime area . . . we've had lots of robberies and thefts of people . . . ." Transcript at 8. Officer Goss also described that portion of LaSalle Street as a frequently traveled road with sidewalks and stop signs. When Officer Goss arrived, he found Williams, with whom he was familiar, "stumbling in the middle of the street, very unbalanced . . . ." *Id.* "He was coming south on LaSalle Street in the middle of the street . . . he was just going straight down the street . . . ." *Id.* at 23. "He had urinated himself, he smelled of alcoholic beverage, his eyes were bloodshot." *Id.* at 9. Officer Goss was concerned for Williams's safety because "he couldn't maintain his balance; he had fallen several times just in questioning. . . . The fact that he was in a very

rough neighborhood . . . lead [sic] me to the concerns of his well-being . . . ." *Id.* at 10. Officer Goss had Williams sit down for his own safety after he fell down during the investigation. Although Officer Goss was aware that Williams had suffered a traumatic brain injury, he was unaware of the physical manifestations of that injury; "on of all [sic] my other runnings in he's actually had alcohol in his system. I have not had to arrest him before because I've had other members which to take him home however, once he has saturated his pants nobody wanted to take him home." *Id.* at 13.

[4] The State charged Williams with public intoxication, a Class B misdemeanor, for being in a state of intoxication in a public place and endangering his life or the life another person, or breaching the peace or being in imminent danger of breaching the peace. At the bench trial, Officer Goss testified to the events as described above. Williams testified in his own defense, asserting that the stumbling, falling, and slurred speech was because of his injury, denying alcohol use, and stating that he had been crossing LaSalle Street on his way home. Williams admitted he "maybe did" urinate on himself and was "not sure" whether there were cars on the road that barely avoided hitting him that day. *Id.* at 22-23. At the conclusion of the bench trial, the trial court found Williams guilty, stating:

> Understanding that many of the signs of intoxication are also
> symptoms of and signs of traumatic brain injury that Mr. Williams
> undoubtedly has however, when you couple those things with the odor
> of alcohol, the sign that he had soiled himself at some point in time
> while he was there with the officer, that he was walking – that the
> officer did observe him walking down the middle of the roadway. It is

a frequently traveled roadway, there were cars around that were driving on the road. That the officer actually did observe him fall during the course of the investigation and felt that it was appropriate to no longer allow him to stand for his own safety reasons. Um, that he did have him sit down while he conducted the remainder of this investigation. He also noticed that his eyes were bloodshot, as well. That those are things that are not necessary, um, those factors are not necessarily attributable to the traumatic brain injury. Understanding Mr. Williams gait issues, his lack of mobility, um, his slurred speech, um, that those are all things that are signs of a traumatic injury. However, when you couple those with the other observations, I do believe the State has proven beyond a reasonable doubt that he was intoxicated on that date. I find that the testimony is a little more reliable I think coming from the officer, as far as, where he was located in the street versus what Mr. Williams may or may not recall and how clearly he is able to recall it due to the level of intoxication on that particular day. That he wasn't just simply crossing the street, that he was wandering the middle of the roadway, that is traveled and was being traveled by vehicles that day. And so, I'm going to find that the State has met their burden and find that you're guilty of Public Intoxication as a Class B Misdemeanor.

*Id.* at 26-27. Williams now appeals.

# Discussion and Decision

## I. Standard of Review

[5] When we review the sufficiency of the evidence supporting a criminal conviction, we neither reweigh evidence nor judge the credibility of witnesses. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). We only consider "the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* (quoting *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008)). We will affirm a conviction if there is substantial evidence of

probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

## II. Proof of Endangerment

[6] A person commits public intoxication if he is in a public place in a state of intoxication and endangers his own life or the life of another person, breaches the peace or is in imminent danger of breaching the peace, or harasses, annoys, or alarms another person. Ind. Code § 7.1-5-1-3. Although Williams denied being intoxicated at his bench trial, he does not challenge the trial court's finding of intoxication on appeal. Instead, he challenges only the trial court's finding that the State proved he actually endangered himself by his conduct.

[7] The public intoxication statute does not define "endangerment," but in *Davis v. State*, 13 N.E.3d 500 (Ind. Ct. App. 2014), this court surveyed several cases decided under the amended public intoxication statute and concluded:

> The common thread in these cases is past or present conduct by the defendant did or did not place life in danger. While the statute does not require that actual harm or injury occur, some action by the defendant constituting endangerment of the life of the defendant or another person must be shown. . . . Were it otherwise, citizens could be convicted for possible, future conduct.

*Id.* at 503. Stated differently, the defendant's act must create an actual present danger, rather than some theoretical or hypothetical danger which may later manifest itself. Williams posits that the State did not prove that walking in the

street caused an actual danger and that his conviction is based upon speculation. We disagree.

[8] In *Sesay v. State*, 5 N.E.3d 478, 485-86 (Ind. Ct. App. 2014), *trans. denied*, we held that the defendant's conduct of standing near the edge of a road alongside a disabled vehicle did not prove endangerment despite the State's assertions that he could have fallen into the road or been hit by a car. We noted that one of the reasons for amending the public intoxication statute to add the conduct elements was "to further the public policy of encouraging people to avoid driving while intoxicated and instead walk, take a cab or bus, or catch a ride home with a designated driver . . . ." *Id.* at 485. If the defendant was endangering his life by standing several feet off the road, "then every intoxicated person who chooses not to drive but instead to walk home along a sidewalk, stand near the road to hail a cab, or wait for public transportation at a bus stop is guilty of public intoxication . . . ." *Id.* We further noted that "it is the conduct of the intoxicated person that must cause the endangerment," such that concern over, for instance, an erratic driver hitting the defendant as he stood a safe distance off the road was insufficient to prove endangerment. *Id.*

[9] Williams, unlike the defendant in *Sesay*, was not conducting himself in an otherwise safe manner despite his intoxication. Officer Goss testified Williams was walking down the middle of a street, on a street that is frequently traveled, and on which he saw a few cars during his investigation. Crediting Officer Goss's testimony, as the trial court did, Williams was not merely crossing from one side of the street to the other, but walking with the direction of traffic.

LaSalle Street has sidewalks, so walking in the street, even alongside the curb, was not necessary. It is not mere speculation that Williams could be in danger; it is evidence that he was in actual danger, even if nothing untoward had yet befallen him. Even if we disregard the evidence of his stumbling and falling as symptoms of his traumatic brain injury, it is not necessarily the *manner* in which he was walking but the *place* he was walking that proves endangerment.[1]

## Conclusion

[10] The State presented sufficient evidence from which the trial court could find Williams endangered himself to support Williams's conviction of public intoxication. His conviction is therefore affirmed.

[11] Affirmed.

May, J., and Mathias, J., concur.

---

[1] Thus, we need not address Williams's contention that because of his injury, his balance issues were involuntary.