

**FILED**

Feb 29 2016, 8:48 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brice Hinton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 29, 2016

Court of Appeals Case No.
49A04-1508-CR-1167

Appeal from the Marion Superior
Court

The Honorable Shannon Logsdon,
Judge

Trial Court Cause No.
49G08-1504-CM-14803

**May, Judge.**

[1] Brice Hinton appeals his conviction of Class B misdemeanor public intoxication that endangers a person.[1] We affirm.

## Facts and Procedural History

[2] Around 7:30 a.m. on April 29, 2015, police were called to a wooded trail between Speedway Elementary School and Speedway Middle School because multiple people observed Hinton in the woods next to the trail with a bow and arrow. Speedway Police Officer Jeremy Howery arrived on the scene and saw Hinton with a bow and arrow by his side. Officer Howery noticed Hinton was intoxicated and ask Hinton what he was doing. Hinton told Officer Howery he was "target shooting." (Tr. at 10.) Hinton and Officer Howery discussed the danger of such an activity in an area with children nearby, and Hinton agreed it was a bad time to engage in target shooting.[2]

[3] The State charged Hinton with Class B misdemeanor public intoxication that endangers a person. During his bench trial, Hinton did not deny he was intoxicated in public at the time of the incident, but he argued he did not endanger a person. The trial court found Hinton guilty as charged.

---

[1] Ind. Code § 7.1-5-1-3(a)(2) (2012).

[2] There was no evidence admitted to prove Hinton actually shot the bow and arrow.

# Discussion and Decision

[4] When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the fact-finder's decision. *Id.* at 147.

[5] To prove Hinton committed Class B misdemeanor public intoxication that endangers a person, the State had to present sufficient evidence he was "in a public place . . . in a state of intoxication caused by the person's use of alcohol or a controlled substance . . . [and] endanger[ed] the life of another person[.]" Ind. Code § 7.1-5-1-3(a)(2).[3] Hinton argues the fact he was holding a bow and arrow at the time Officer Howery discovered him was not sufficient to prove he

---

[3] The State also argues the evidence was sufficient under Ind. Code § 7-1.5-1-3(a)(1), which requires proof the defendant acted in a manner that "endangers the person's life." However, Hinton's charging information specifically cites Ind. Code § 7-1.5-1-3(a)(2), which requires evidence he endangered the life of another person. Thus, we analyze the evidence only under the charged statute.

endangered another person because the bow was not drawn in a position where he was preparing to shoot an arrow.

[6]     In *Davis v. State*, 13 N.E.3d 500, 503 (Ind. Ct. App. 2014), we discussed the application of the endangerment element of the public intoxication statute:

> While the statute does not require that actual harm or injury occur, some action by the defendant constituting endangerment of the life of the defendant or another person must be shown. This is true even where an officer testifies that the defendant was a danger to himself or others. Were it otherwise, citizens could be convicted for possible, future conduct.

(internal citation omitted). Davis was walking in a grassy area of an apartment complex toward the responding officer's car. The officer arrested Davis and testified he "feared that if he allowed Davis to walk away, Davis would be struck by a car" because the "two-lane roads outside the apartment complex were busy even at that time of the morning, there were no sidewalks or shoulders abutting the roads, and the lighting on the roads [was] poor." *Id*. at 502. The trial court convicted Davis of Class B misdemeanor public intoxication endangering his life or the lives of others. We reversed Davis' conviction because the officer's belief Davis would be injured had he been allowed to continue walking was "merely speculative" and the "State may not convict Davis for what would or could have happened." *Id*. at 504.

[7]     Similarly, in *Sesay v. State*, 5 N.E.3d 478, 479 (Ind. Ct. App. 2014), *trans. denied*, we reversed Sesay's conviction of Class B misdemeanor public intoxication while endangering his life or the lives of others because, while Sesay was

intoxicated and in public, the officer's belief Sesay could be hit by a passing car while Sesay was "standing peaceably" three to five feet off the roadway was speculative and thus insufficient evidence of endangerment. *Id*. at 486. Finally, in *Stephens v. State*, 992 N.E.2d 935, 937 (Ind. Ct. App. 2013), we reversed Stephens' conviction of Class B misdemeanor public intoxication while endangering his life or the lives of others because Stephens' act of walking, while intoxicated, to a nearby convenience store was insufficient to prove endangerment despite the fact he could have been involved in an altercation or accident at any point during that walk.

[8] Hinton wants us to hold the risk he endangered someone was only speculation. The word "endanger" is not defined by the public intoxication statute. Generally, words not defined by statute are given their plain, ordinary, and usual meaning. *Weideman v. State*, 890 N.E.2d 28, 32 (Ind. Ct. App. 2008). The dictionary definition of "endanger" is "to bring into danger or peril" or "to create a dangerous situation." http://www.merriam-webster.com/dictionary/endanger (last accessed February 9, 2016). In *Davis*, *Sesay*, and *Stephens*, the police intervened before the defendants were in a place where they could endanger someone or before the defendants were engaged in a behavior that could endanger someone. *See Davis*, 13 N.E.3d at 504 (although walking while intoxicated, he was in a grassy area and had not yet reached the busy street); *and see Sesay*, 5 N.E.3d at 486 (defendant was drunk near a street, but he was standing still three to five feet from road); *and see Stephens*, 992

N.E.2d at 938 (defendant walked without incident to a nearby convenience store and did not display behavior to indicate he was a danger).

[9] Here, in contrast, children "were within 10 feet of [Hinton's] location," (Tr. at 8), and Hinton had the bow and arrow in a position that was an immediate precursor to shooting the weapon. Officer Howery testified:

> [Officer Howery]: [Hinton] had the -- the bow and arrow was in -- I don't know the what the proper terminology -- was in the -- the arrow was up in his hand and it was hooked to the thing, to the string that's with the bow and arrow.
>
> [Counsel]: Okay. So it was ready to be released?
>
> [Officer Howery]: He did not have it pulled back.
>
> [Counsel]: He didn't have it -- okay. But he had the bow in the arrow? [sic]
>
> [Officer Howery]: Correct.

(*Id*. at 8.) On cross-examination, Hinton acknowledged Officer Howery's testimony Hinton "had the bow -- or the arrow []nocked in the bow[.]" (*Id*. at 13.) Hinton indicated "nocked" was the terminology for when the arrow "was in the string [of the bow] basically." (*Id*.)

[10] While there is no allegation Hinton pointed the bow and arrow at anyone, the State is not required to prove "actual harm or injury occur[red]" to satisfy the element of endangerment. *Davis*, 13 N.E.3d at 503. We hold because Hinton

was in close proximity to others and had the bow and arrow in a position from which he could immediately shoot the weapon, the State provided sufficient evidence he endangered other people while publicly intoxicated. *See*, *e.g.*, *Al-Saud v. State*, 658 N.E.2d 907, 908 (Ind. 1995) ("the brandishing of a firearm in a congested area or during a dispute can create a variety of risks of bodily injury to others, regardless whether the weapon is loaded"). This is not to say mere possession of a bow and arrow would satisfy the endangerment element of the statute; instead, what is important is the state of the bow and the arrow at the time of police intervention. Hinton's argument to the contrary is an invitation for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court cannot reweigh evidence or judge the credibility of witnesses).

## Conclusion

The State presented sufficient evidence Hinton committed Class B misdemeanor public intoxication that endangered another person. Accordingly, we affirm his conviction.

Affirmed.

Najam, J., and Riley, J., concur.