# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 13 2016, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kelvin Ezell,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

July 13, 2016

Court of Appeals Case No.
49A05-1512-CR-2046

Appeal from the Marion Superior Court

The Honorable David Certo, Judge

The Honorable David Hooper, Magistrate

Trial Court Cause No.
49G12-1509-CM-33536

**Bailey, Judge.**

# Case Summary

[1] Kelvin Ezell ("Ezell") appeals his conviction for Public Intoxication,[1] a Class B misdemeanor. Ezell challenges the sufficiency of the evidence proving the intoxication and endangerment elements of the charge. We affirm.

# Facts and Procedural History

[2] On September 18, 2015, Ezell was walking westbound on the shoulder of 30th Street toward Post Road in Indianapolis. (Tr. at 10) Responding to a dispatch, Officer Jay Akers ("Officer Akers") pulled behind Ezell without Ezell's awareness. (Tr. at 12) After getting Ezell's attention, Officer Akers noted that Ezell had red, glassy eyes; lacked balance; smelled of alcohol; and slurred his speech. (Tr. at 10)

[3] Believing Ezell was intoxicated, Officer Akers asked Ezell if he had anyone to call that could drive him home, but Ezell was unable to reach anyone. (Tr. at 11) Ezell stated he was walking to 86th Street and Michigan Road, nearly twenty miles away. (Tr. at 11) Ezell also told Officer Akers that he was drunk. (Tr. at 15) Due to Ezell's apparent intoxication, his lack of balance, and his proximity to a well-trafficked street, Officer Akers arrested Ezell. Officer Akers did not have Ezell perform any field sobriety tests, portable breath test, or blood

---

[1] Ind. Code § 7.1-5-1-3.

test. (Tr. at 14) The State later charged Ezell with Public Intoxication as a Class B misdemeanor.

[4] On November 4, 2015, a bench trial was conducted. For the State, Officer Akers testified to his version of events, summarized above. Both Ezell and his wife, Delisa Alvies ("Alvies"), provided the same alternative explanation to Ezell's apparent lack of balance. According to their testimony, Ezell consistently limps because he needs hip surgery. (Tr. at 24, 31) Furthermore, they both testified that Ezell was walking to a nearby gas station on the corner of 30th Street and Mithoefer Road to meet Alvies so she could drive him home. (Tr. at 24, 29) Also, Ezell stated he never drinks alcohol and never told Officer Akers that he was drunk. (Tr. at 29, 30) In rebuttal, Officer Akers testified that Ezell was walking away from the gas station where he was supposed to meet Alvies. (Tr. at 36)

[5] The trial court convicted Ezell of Public Intoxication as a Class B misdemeanor and sentenced him to 180 days, all suspended, 40 hours of community service, and a fine. This appeal followed.

# Discussion and Decision

[6] The Indiana Code provides that:

> It is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol . . . if the person:

(1) endangers the person's life;

(2) endangers the life of another;

(3) breaches the peace or is in imminent danger of breaching the peace; or

(4) harasses, annoys, or alarms another person.

Ind. Code § 7.1-5-1-3(a). In its charging information, the State alleged that Ezell was "found at 30th St / Post Rd, a public place or place of public resort, in a state of intoxication caused by the person's use of alcohol or a controlled substance" and that Ezell endangered his life. (App. at 14)

[7] On appeal, Ezell challenges the sufficiency of the evidence to prove the intoxication and endangerment elements. When reviewing the sufficiency of evidence, we look to the evidence most favorable to the judgment. *Bailey v. State,* 907 N.E.2d 1003, 1005 (Ind. 2009). We neither reweigh evidence nor judge the credibility of witnesses. *Id.* We will affirm the conviction if there is substantial evidence such that a trier of fact could have concluded that the defendant was guilty beyond a reasonable doubt. *Id.*

[8] To prove intoxication, the State may provide evidence that shows: "(1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech." *Williams v. State*, 989 N.E.2d 366, 369 (Ind. 2013) (quoting *Vanderlinden v. State*,

918 N.E.2d 642, 644 (Ind. Ct. App 2009), *trans. denied*). "It does not require proof of a Blood Alcohol Content ("BAC") level." *Ballinger v. State,* 717 N.E.2d 939, 943 (Ind. Ct. App. 1999). Officer Akers testified that Ezell lacked balance as he walked and failed to notice the officer as he approached Ezell. Ezell also had red and glassy eyes, smelled of alcohol, and slurred his speech. Even without Ezell's own admission of intoxication to Officer Akers, a reasonable finder of fact could determine that Ezell was intoxicated.

[9] The endangerment element is a recent addition to the public intoxication statute. Whereas the former version of this statute simply required proof that the defendant was intoxicated in a public place, the legislature amended the law to require "[s]omething more than mere intoxication . . . to prove a person has committed the crime of public intoxication." *Sesay v. State*, 5 N.E.3d 478, 485 (Ind. Ct App. 2014), *trans. denied*. This change was implemented to encourage intoxicated people to avoid dangerous situations by walking, riding with a designated driver, or hailing a cab. *See, e.g.*, *Davis v. State,* 13 N.E.3d 500, 503 (Ind. Ct. App. 2014); *Stephens v. State*, 992 N.E.2d 935, 938 (Ind. Ct. App. 2013), *trans. denied*.

[10] Under this statute, speculation about events that *could* happen in the future is not sufficient to prove public intoxication. *Sesay*, 5 N.E.3d at 485. The question then becomes one of when speculative endangerment becomes actual endangerment. Using the amended language, this Court has reversed a number of convictions in which endangerment was speculative rather than actual: where a person was tripping over his feet but had not yet reached the road,

*Davis*, 13 N.E.3d at 501-502; where an intoxicated person was standing three to five feet from the road after an accident, *Sesay*, 5 N.E.3d at 479; and where an intoxicated person sitting at a gas station called the police to avoid going back home, where he was being abused, *Stephens,* 992 N.E.2d at 937. On the other side of the spectrum, we have affirmed convictions where a person had a loaded bow in an area with children, *Hinton v. State,* — N.E.3d —, 2016 WL 771336, *3 (Ind. Ct. App. 2016); and where a person could not stand up on his own in a public street and had no awareness of his surroundings, *Labarr v. State*, 36 N.E.3d 501, 503 (Ind. Ct. App. 2015).

[11] The evidence most favorable to the judgment suggests that Ezell intended to walk a great distance while intoxicated. He was on the shoulder of the road, where, Officer Akers attested, there was a good amount of traffic. There was no sidewalk upon which Ezell could walk. His balance was unstable. Also, Ezell was unaware that Officer Akers had pulled up behind him. Given these facts, a reasonable finder of fact could find that Ezell endangered himself by walking alongside the road where he was found.

[12] To the extent Ezell claims he was not intoxicated nor in danger, he invites us to reweigh the evidence and judge the credibility of the witnesses. This is a task we will not do. As such, we find sufficient evidence supporting Ezell's conviction.

[13] Affirmed.

Bradford, J., and Altice, J., concur.