## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 24 2017, 10:32 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ernest P. Galos
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Daris Deshawn Grant,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 24, 2017

Court of Appeals Case No.
71A05-1605-CR-1174

Appeal from the St. Joseph Superior Court

The Honorable John M. Marnocha, Judge

Trial Court Cause No.
71D02-1512-F4-85

**Crone, Judge.**

# Case Summary

Daris Deshawn Grant appeals his conviction, following a jury trial, for level 6 felony residential entry. He claims that there is insufficient evidence to sustain his conviction. We disagree and affirm.

# Facts and Procedural History

The facts indicate that on December 14, 2015, South Bend police officers responded to an activated burglar alarm at a home on Huey Street. When officers arrived, they could hear noises coming from the basement of the home and they observed that a window on the side of the house had the screen removed and was open approximately five or six inches. The homeowner, Takeisha Thomas, subsequently arrived and informed officers that no one had permission to be in her house. She used her key to allow the officers into the house through the locked front door. Officers began to search the home and discovered that the back door was locked but that the window in Thomas's son's bedroom was open. A television and two laptop computers were sitting on the floor next to the open window. Thomas identified the laptops as having been in a closet in the basement and the television as having been in her bedroom closet. Officers discovered Grant hiding in the bathroom behind the door. Grant was wearing gloves and carrying a flashlight and a blue sack in the front pocket of his sweatshirt. The alarm box mounted on the living room wall had been damaged. Thomas stated that when she left for work that morning, the windows were shut, the doors were locked, and the alarm was set. Thomas

further stated that she had a protective order against Grant, effective until January 2016, and that he did not have permission to be in her house.

[3] The State charged Grant with level 4 felony burglary, class A misdemeanor invasion of privacy, and level 6 felony invasion of privacy sentence enhancement based on a prior conviction for invasion of privacy. Following a jury trial, Grant was found guilty of level 6 residential entry, a lesser included offense of burglary, and class A misdemeanor invasion of privacy. Grant waived a jury for the sentence enhancement and, following a bench trial, was found guilty of having a prior invasion of privacy conviction. The trial court sentenced Grant to concurrent two-year terms. This appeal ensued.

## Discussion and Decision

[4] Grant contends that the State presented insufficient evidence to support his residential entry conviction. When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor assess witness credibility. *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015). We look to the evidence and reasonable inferences drawn therefrom that support the conviction, and will affirm if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id*. In short, if the testimony believed by the trier of fact is enough to support the conviction, then the reviewing court will not disturb it. *Id*. at 500.

[5] To prove the offense of residential entry, the State was required to prove that Grant knowingly or intentionally broke and entered Thomas's dwelling. *See*

Ind. Code § 35-43-2-1.5. Grant argues that the State failed to prove that a breaking occurred because there was insufficient evidence that he entered Thomas's home by opening the window. In order to establish that a breaking has occurred, the State need only introduce evidence from which the trier of fact could reasonably infer that the slightest force was used to gain unauthorized entry. *Young v. State*, 846 N.E.2d 1060, 1063 (Ind. Ct. App. 2006). The element of breaking may be proved by entirely circumstantial evidence. *Utley v. State*, 589 N.E.2d 232, 240-41 (Ind. 1992).

[6] The evidence indicates that officers who responded to the activated burglar alarm at Thomas's house observed an open window with the screen removed. Thomas testified that all windows were closed and the doors were locked when she left for work that morning, and officers observed both the front and back door still locked when they arrived. Thomas further testified that she never gave Grant a key to her house. While Grant points to his self-serving testimony in which he denied opening the closed window and claimed that he entered the home through the back door with a key, it was the jury's role, not ours, to assess witness credibility and to weigh the evidence. *Hinton v. State*, 52 N.E.3d 1, 2 (Ind. Ct. App. 2016). The State presented sufficient evidence from which the jury reasonably could have inferred that Grant removed the screen and opened the window to gain entry into Thomas's house, and thus that he broke and entered her house.

[7] Grant maintains that he reasonably believed that he had Thomas's consent to enter her home. Lack of consent is not an element of the offense that the State

is required to prove. *Townsend v. State*, 33 N.E.3d 367, 373 (Ind. Ct. App. 2015). "Rather, it is the defendant who must claim and prove the defense of consent. A defendant's belief that he has permission to enter must be reasonable in order for the defendant to avail himself of the defense of consent." *Id.* (citation and quotation marks omitted). Once a defendant successfully raises the defense of consent, the State has the burden of disproving the defense beyond a reasonable doubt. *Holman v. State*, 816 N.E.2d 78, 81 (Ind. Ct. App. 2004), *trans. denied* (2005).

[8] Here, there is no evidence that Grant's alleged belief that he had permission to enter Thomas's home was reasonable, and therefore he cannot avail himself of the defense of consent. Grant stated that his belief that he had permission to enter Thomas's home was based upon the fact that a third party had given him permission and that Thomas had given him a key to enter her home. Thomas's testimony contradicted Grant's claims, as she denied ever giving Grant a key to her home or that a third party would have authority to give Grant permission. Moreover, Grant's entry through a window is inconsistent with one who reasonably believed that he had permission to enter a dwelling. Grant's arguments are simply a request for us to reweigh the evidence and reassess witness credibility, and we will not. The State presented sufficient evidence to support his residential entry conviction.

[9] Affirmed.

Riley, J., and Altice, J., concur.