

**FILED**

Apr 27 2020, 7:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Thomas R. Schultz
Schultz & Pogue, LLP
Indianapolis, Indiana

Andrew H. Cox
Carolyn M. Cole
Thompson Hine LLP
Cleveland, Ohio

ATTORNEY FOR APPELLEE

Adam S. Willfond
Office of Corporation Counsel
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| The Davey Tree Expert Company and Davey Resource Group, Inc., | April 27, 2020 |
| *Appellants/Cross-claim Defendants,* | Court of Appeals Case No. 19A-CT-2326 |
| v. | Appeal from the Marion Superior Court |
| The City of Indianapolis, | The Honorable John M.T. Chavis, II, Judge |
| *Appellee/Cross-claim Plaintiff* | Trial Court Cause No. 49D05-1709-CT-35165 |

**Vaidik, Judge.**

# Case Summary

[1] Steven Smock died after a tree fell onto his car while he was driving on an Indianapolis street. Steven's wife filed a wrongful-death lawsuit against the City of Indianapolis ("the City") and Davey Resource Group, Inc., and The Davey Tree Expert Company (collectively, "Davey Tree"), whom the City had hired to inventory trees. The complaint sets forth four counts, two against the City (negligence and gross negligence) and two against Davey Tree (negligence and gross negligence). The City filed a cross-claim for declaratory judgment against Davey Tree, claiming that Davey Tree had to defend it according to their contract. The City moved for judgment on the pleadings as to its cross-claim, which the trial court granted. Davey Tree now brings this interlocutory appeal.

[2] The parties agree that, according to the contract, Davey Tree's defense obligation is only triggered if the City is sued for Davey Tree's negligence. Because the claims against the City are based entirely on its conduct, Davey Tree does not have to defend the City. We therefore reverse the trial court.

# Facts and Procedural History

[3] In May 2013, the City and Davey Tree entered into a services contract, which has been amended several times. *See* Appellee's App. Vol. II pp. 22, 43, 45, 48. The contract obligated Davey Tree to inventory trees in areas determined by the City, "collect data for each individual tree inventoried using City protocol," and

"inspect all wooded right of ways and inventory any hazardous trees using inventory protocol." *Id.* at 33. In addition, Section 5.10 of the contract, entitled "Indemnification," addresses Davey Tree's duty to defend and indemnify the City under certain circumstances:

> [Davey Tree] agrees to indemnify, defend, and hold harmless the City of Indianapolis, Marion County, and their respective officers, agents, officials and employees for any and all third party claims, actions, causes of action, judgments and liens to the extent they arise out of any negligent or wrongful act or omission or breach of any provision of this Agreement by [Davey Tree] or any of its officers, agents, employees or subcontractors regardless of whether or not it is caused in part by the negligence of a party indemnified hereunder.

*Id.* at 28.

[4] On September 17, 2016, Steven was driving east on West 91st Street between Ditch Road and Spring Mill Road in Indianapolis when a "decomposing" tree fell onto his car. Appellants' App. Vol. II p. 40. Steven was taken to the hospital, where he later died from his injuries. In September 2017, Steven's wife, Evelyn, as special administrator of Steven's estate, filed a wrongful-death complaint against the City, which she amended in August 2018 to include Davey Tree as a defendant. The amended complaint sets forth four counts—two against the City (negligence and gross negligence) and two against Davey Tree (negligence and gross negligence).

[5] In November 2018, the City asked Davey Tree to defend it under the contract, but Davey Tree refused. In January 2019, the City filed a cross-claim for

declaratory judgment against Davey Tree, alleging that the wrongful-death lawsuit "triggered [Davey Tree's] obligation under the contract to defend the City." Appellee's App. Vol. II p. 19. In April 2019, the City moved for judgment on the pleadings as to its cross-claim. The trial court granted the City's motion.

[6] Davey Tree now brings this interlocutory appeal.

# Discussion and Decision

[7] Davey Tree contends that the trial court erred in granting the City's motion for judgment on the pleadings on the City's cross-claim. Judgment on the pleadings is available where it is clear from the face of the pleadings that one party is entitled to prevail as a matter of law. Ind. Trial Rule 12(C); *ESPN, Inc. v. Univ. of Notre Dame Police Dep't*, 62 N.E.3d 1192, 1195 (Ind. 2016). Pleadings consist of a complaint and an answer, a reply to any counterclaim, an answer to a cross-claim, a third-party complaint, an answer to a third-party complaint, and any written instruments attached to a pleading. *Hendricks Cty. v. Green*, 120 N.E.3d 1118, 1122 (Ind. Ct. App. 2019), *trans. denied*. We review the trial court's ruling on a motion for judgment on the pleadings de novo. *ESPN*, 62 N.E.3d at 1195. Our review is confined to the pleadings, accepting well-pleaded material facts in the complaint as true. *Id.*

[8] The issue is whether Davey Tree must defend the City under Section 5.10 of the contract, which provides in part:

> **[Davey Tree] agrees to** indemnify, **defend**, and hold harmless **the City of Indianapolis**, Marion County, and their respective officers, agents, officials and employees **for any and all third party claims**, **actions, causes of action, judgments and liens to the extent they arise out of any negligent or wrongful act or omission or breach of any provision of this Agreement by [Davey Tree]** or any of its officers, agents, employees or subcontractors **regardless of whether or not it is caused in part by the negligence of a party indemnified hereunder.**

Appellee's App. Vol. II p. 28 (emphases added).

[9]  The parties agree that Davey Tree's defense obligation is "only triggered if the City is sued for **Davey's** negligence . . . ." Appellants' Reply Br. p. 2; *see also* Appellee's Br. p. 10 ("Davey must defend the City from Davey's negligence in a lawsuit if it arises from the negligent performance of its duties laid out in the contract . . . ."). What the parties disagree about is whether the City is being sued in part for Davey Tree's negligence (which would trigger Davey Tree's duty to defend) or whether the City is being sued for its negligence only (which would not trigger Davey Tree's duty to defend). To resolve this issue, we look to the allegations in the complaint.

[10]  The complaint sets forth two counts against the City—negligence and gross negligence. The negligence count alleges:

> 23. [The City] and/or its agencies and departments, and each of them, jointly and severally, had a duty to protect passersby from harm, and to maintain, monitor, implement, review and/or ensure that adequate measures were in place to prevent or curtail

overgrowth and/or ensure the vegetative condition of flora contained within its public right of way.

24. [The City] and/or its agencies and departments, and each of them, jointly and severally, had a duty to protect Steven from physical injury.

25. [The City] and/or its agencies and departments, and each of them, jointly and severally, breached each and every one of the foregoing duties, and as a direct and proximate result of such breaches, [Evelyn] has sustained damages, including, but not limited to, the loss of the love and companionship of Steven and the damages that the Special Administrator is entitled to recover pursuant to I.C. § 34-23-1-1.

Appellants' App. Vol. II p. 41. The gross negligence count alleges that the City "recklessly failed to perform its duties."[1] *Id.* at 43. The counts against the City say nothing about Davey Tree or its negligence, let alone allege that the City is "responsible for," "liable for," or "vicariously liable for" Davey Tree's negligence. *Cf. Myers v. Bremen Casting, Inc.*, 61 N.E.3d 1205, 1211 (Ind. Ct. App. 2016) ("In the complaint, the Myerses alleged the Defendants . . . were vicariously liable as principals . . . ."), *trans. denied*; *Ford v. Jawaid*, 52 N.E.3d

---

[1] The negligence count against Davey Tree alleges as follows:

> 27. [Davey Tree] and/or its agents and/or principals, and each of them, jointly and severally, had a duty to locate and/or identify and inventory all trees in and/or around the Property, and to determine and/or assess the relative risk of each tree with respect to the potential for failure and/or the potential to cause harm.

Appellants' App. Vol. II p. 42. The gross negligence count alleges that Davey Tree "recklessly failed to perform its duties." *Id.* at 43.

874, 876 (Ind. Ct. App. 2016) ("The amended complaint alleged negligence by Jawaid, negligence by the Hospital, . . . and vicarious liability of the Hospital for Jawaid's conduct."). Thus, although the City claims that it "is not seeking a defense for its own negligence," Appellee's Br. p. 17, the claims against the City are based entirely on its conduct.

[11] Nevertheless, the City argues that "[w]hile separate counts are alleged against the City and Davey, the allegations against the parties are inextricably intertwined." Appellee's Br. p. 14. The City reasons: "If Davey did not perform competently, as the allegations suggest, then the City would be in no position to remedy (or know about) the dangerous condition which killed [Steven]. Stated differently, the City's negligence, in part, was caused by Davey's negligence." *Id.* We acknowledge that there is a close relationship between the allegations against the City and Davey Tree. This is because the City hired Davey Tree to inventory dangerous trees, and a decomposing tree fell and killed Steven. But the allegations against each party are different. The negligence count against Davey Tree alleges that it had a duty to inventory and assess the risk of trees in the area where the tree fell down—not that it had a duty to cut down any trees—and that Davey Tree breached this duty. The negligence count against the City alleges, among other things, that it had a duty to "ensure the vegetative condition of flora contained within its public right of way," i.e., a duty to cut down any trees identified by Davey Tree as dangerous, and that the City breached this duty. According to the complaint as it is currently drafted, the City is being sued for its conduct only, not any conduct by

Davey Tree.[2] Because the City is being sued for its conduct only, the claims against the City do not "arise out of" any act or omission by Davey Tree. Accordingly, Davey Tree does not have to defend the City under the contract. We therefore reverse the trial court.[3]

Reversed.

Najam, J., and Tavitas, J., concur.

_____

[2] If the complaint alleged that the City negligently hired or supervised Davey Tree, then there might be a duty to defend. This is because a claim of negligent hiring or supervision is ultimately based on the negligence of the party hired or supervised. *See Simpson v. OP Prop. Mgmt., LLC*, 939 N.E.2d 1098, 1103 (Ind. Ct. App. 2010) ("Simpson's claim that the School District negligently hired and trained Matesick by implication indicates that she was claiming that Matesick's conduct was wrongful. We are hard pressed to see how the School District could be negligent by hiring and training a bus driver who had done nothing wrong."). We do not read the complaint to set forth a claim for negligent hiring or supervision, and the City does not argue that it sets forth such a claim.

[3] In its order, the trial court also stated, "In the event that the trier of fact determines that the City is solely responsible for [Steven's] injuries, then Davey [Tree] has an argument that it is relieved from its **indemnification** obligation." Appellants' App. Vol. II p. 16. Davey Tree challenges this conclusion, citing the following language from the indemnification clause: "[Davey Tree] shall be relieved of its indemnification obligation to the extent any injury, damage, death or loss is attributable to the acts or omission of City." Appellee's App. Vol. II p. 28. Davey Tree contends that the "to the extent" language means that it will be relieved of its indemnification obligation even if both parties are found partially responsible—i.e., even if the City is not found "solely responsible"—as long as the City's liability is based solely on its own negligence and is not based on Davey Tree's negligence. The City does not dispute that this is the correct reading of the indemnification clause. Because the complaint as it is currently drafted does not allow the City to be held liable for Davey Tree's negligence, indemnification is not at issue.